UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN DELGADO and all others similarly-situated under 29 U.S.C. § 216(b),

    *Plaintiff*,

v.

DRIVE DEVELOPMENT GROUP LLC, a Florida limited liability corporation, DRIVE DEVELOPMENT LLC, a Florida limited liability corporation, a/k/a "BIRD JACKSON", DRIVE CONSTRUCTION LLC, a Florida limited liability corporation, DOUGLAS COX, individually, and NICOLE PEARL, individually,

    *Defendants*.

CASE NO.

_____/

## **VERIFIED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Plaintiff JUAN DELGADO, on behalf of himself and all others similarly-situated under 29 U.S.C.§216(b), through undersigned counsel, hereby files this Complaint and sues Defendants DRIVE DEVELOPMENT GROUP LLC, a Florida limited liability corporation, DRIVE DEVELOPMENT LLC, a Florida limited liability corporation a/k/a "BIRD JACKSON", DRIVE CONSTRUCTION LLC, a Florida limited liability corporation, DOUGLAS COX, individually, and NICOLE PEARL, individually and alleges:

1. This is an action to recover money damages for unpaid wages under United States and Florida laws. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, the Fair Labor Standards Act, ("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff JUAN DELGADO is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

3. Defendant DRIVE DEVELOPMENT GROUP LLC ("DDG") is a Florida limited liability corporation with a principal place of business at 1172 South Dixie Hwy., Ste. 396, Coral Gables, Florida, 33146.

4. Defendant DRIVE DEVELOPMENT LLC ("DDL") is a Florida limited liability corporation, also known as "BIRD JACKSON," with a principal place of business at 500 South Dixie Highway, Suite 305, Coral Gables, Florida 33146.

5. Defendant DRIVE CONSTRUCTION LLC ("DCL") is a Florida limited liability corporation a principal place of business at 500 South Dixie Highway, Suite 305, Coral Gables, Florida 33146.

6. Defendant DOUGLAS COX is the owner/president and manager of Corporate Defendants DRIVE DEVELOPMENT GROUP LLC, DRIVE DEVELOPMENT LLC, and DRIVE CONSTRUCTION LLC.

7. Defendant DOUGLAS COX is the Chief Financial Officer of DRIVE CONSTRUCTION LLC, obtaining Construction Financial Officer License No. FRO7451 (established 07/20/2016) for this business, qualifying a General Contractor through ERIC JOHN MYERS, under Certified General Contractor's License No. CGC061245 (established 2/28/2000 until 8/31/2022).

8. Defendant NICOLE PEARL is the Chief Legal Officer of Corporate Defendant DRIVE DEVELOPMENT LLC and/or the registered agent for Corporate Defendants DRIVE DEVELOPMENT GROUP LLC and DRIVE CONSTRUCTION LLC.

9. Upon information and belief, all parties are located in the jurisdiction of this Court.

10. At all times material hereto, all corporate Defendants were and are engaged in interstate commerce.

11. All actions raised in this complaint took place in Miami Dade-County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

12. This cause of action is brought by Plaintiff as a collective action to recover from Defendants unpaid wages, liquidated damages, and costs and reasonably attorney's fees under the provisions of the FLSA and the Florida Minimum Wage Act Florida Statute § 448.110 (3) ("FMWA") on behalf of Plaintiff and all other current and former employees similarly-situated to Plaintiff ("asserted class") and who worked during one or more weeks in the last three (3) years until the present, ( "material time") without adequate compensation compliant with either the FLSA and the FMWA.

13. Defendant DDG provides real estate development services including investment, government projects, architecture, design, and building of commercial and residential properties.

14. Defendant DDL provides real estate development services including investment, government projects, architecture, design, and building of commercial and residential properties.

15. DDL's website states:

> Drive Development LLC is a full-service real estate development firm currently specializing in the highly sought-after neighborhood of Coconut Grove, Florida.
>
> Drive Development LLC is the product of a purposeful collaboration of efforts, knowledge, and expertise of its team members, strategic partners, and advisors. Combining an unyielding commitment to excellence with the highest standards of professionalism and skill, Drive Development LLC is able to create an exceptional product for each of its clients.
>
> Each project is handpicked and created from the ground up with visionary design, precision, integrity, and a focus on sustainability. Clients are treated as partners, delivering a superior client experience from start to finish and a final product to match.[1]

---

[1] https://www.drivedevelopment.com/about

16. Defendant DCL provides construction services including building, repairing, and renovating commercial and residential properties.

17. Defendants DDG, DDL, and DCL (collectively "Corporate Defendants") have one common mailing address: 1172 South Dixie Hwy., Ste. 396, Coral Gables, Florida, 33146.

18. Upon information and belief, Corporate Defendants were owned by the same person(s) and managed by the same person(s) during all times material.

19. Plaintiff and all other similarly-situated individuals worked at the location of 500 South Dixie Highway, Suite 305, Coral Gables, Florida 33146.

20. Corporate Defendants worked as in concert together as co-employers to employ Plaintiff as a Marketing Manager, from approximately June 20, 2018 until August 26, 2020.

21. Plaintiff performed work simultaneously for NICOLE PEARL, providing web development and design services for her law firm PEARL & ASSOCIATES LAW, P.A.

22. Plaintiff was, at all material times, entitled to a salary of $57,000.00 per year from Corporate Defendants for all hours worked.

23. DOUGLAS COX is an owner and controls management, hiring, firing, and payment of wages of and for Corporate Defendants.

24. NICOLE PEARL is the Chief Legal Officer / Attorney and/or registered agent of Corporate Defendants.

25. NICOLE PEARL served as Human Resources, controlled payroll, determined pay dates, methods, and amounts of pay, and signed paychecks for Corporate Defendants.

26. Upon information and belief, all employees working for Defendants were paid on the same paydays via the same bank accounts and methods.

27. Defendants required Plaintiff and all other similarly-situated individuals to perform work, with the promise of payment every two (2) weeks, every other Friday.

28. Defendants intermittently did not pay Plaintiff and all other similarly-situated individuals.

29. Defendants failed to pay Plaintiff and all other similarly-situated individuals for all hours, days, and weeks worked.

30. Defendants' failure to pay Plaintiff and all other similarly-situated individuals for all hours, days, and weeks worked violates FLSA provisions.

31. Defendants' failure to pay Plaintiff and all other similarly-situated individuals for all hours, days, and weeks worked violates FMWA provisions.

32. According to public information from the Small Business Administration, on or about April 28, 2020, Corporate Defendant DDL applied for and was approved for a CARES Act Paycheck Protection Program ("PPP") Loan, for payment of payroll for six (6) jobs, funded by U.S. Century Bank, for $150,000-350,000.[2]

33. Defendants either did not timely, or at all, pay wages after being approved for a PPP loan.

34. Defendants either did not pay Plaintiff and all other similarly-situated individuals on regularly scheduled pay days, or pay at all for the following weeks:

>   a) **March 21** – **April 2**
>   b) **April 3** – **April 17**
>   c) **April 18** – **May 1**
>   d) **May 30** – **June 12**
>   e) **June 13** – **June 26**
>   f) **July 11** – **July 24**
>   g) **July 25** – **August 7**
>   h) **August 8** – **August 21**
>   i) **August 22** – **August 28**

---

[2] https://www.washingtonpost.com/graphics/2020/business/sba-ppp-data/

35. Defendants failed to pay on regularly scheduled pay periods, and intermittently provided partial paychecks, while remaining in arrears for unpaid wages.

36. Corporate Defendants did not furlough Plaintiff and all other similarly-situated individuals, instead requiring Plaintiff and all other similarly-situated individuals to work, but did not pay for hours, days, and weeks worked.

37. Plaintiff and all other similarly-situated individuals could not collect Florida unemployment insurance benefits because they were full-time employed by Defendants, but unpaid for work.

38. Plaintiff complained of unpaid wages to DOUGLAS COX and/or NICOLE PEARL via email, telephone, and/or text messages, including but not limited to: May 8, May 13, August 18, August 24, and August 26.

39. Plaintiff and all other similarly-situated individuals perform work which can be and had been performed remotely during the covid-19 pandemic.

40. Without explanation or assurance of employee safety, Defendants required Plaintiff and all other similarly-situated individuals to work physically in the office location of Corporate Defendants.

41. An employee of Corporate Defendants, days before Plaintiff complained about employee safety, was ill with flu-like symptoms.

42. This employee tested positive for covid-19 after being in the location of Corporate Defendants interacting with Plaintiff and similarly-situated employees.

43. Corporate Defendants' workspace was one open room with no offices and only partial plexiglass/plastic barriers between cubicles.

44. On August 24, 2020, Plaintiff complained to DOUGLAS COX about the requirement to physically return to work, without pay, exposing himself to deadly covid-19.

45. The next day, August 25, 2020, Abigaile Heartbalm of Pearl and Associates Law, PA ("PEARL"), a law firm owned by NICOLE PEARL, sent a "cease and desist" letter to Plaintiff, attached as Exhibit "A" on behalf of DDL.

46. The "cease and desist" letter to Plaintiff related to 3-D renderings created by Plaintiff and exhibited on a website Plaintiff owned and/or controlled: trimrender.com.

47. Corporate Defendants, DOUGLAS COX, and NICOLE PEARL were aware of these images being on the trimrender.com website for several months.

48. Yet, only after complaints of unpaid wages and employee safety did Corporate Defendant DDL, threated to sue Plaintiff, alleging:

 a. Theft of intellectual property and trade secrets;

 b. Preliminary and permanent injunctive relief; and

 c. Potential "continued accumulation of fees, costs and damages."

49. Corporate Defendant DDL required Plaintiff to execute an Affidavit in the presence of two (2) witnesses to be notarized, attached as Exhibit "B," stating:

> AFFIDAVIT OF ACKNOWLEDGEMENT
>
> BEFORE ME, on this 25TH day of August 2020, me undersigned authority, personally appeared Juan Delgado ("DELGADO"), who first being duly sworn, deposes and says:
>
> 1. That DELGADO was first employed by Drive Development, LLC ("DRlVE") beginning on or about June 20th, 2018.
> 2. That all intellectual property, company trade secrets and/or confidential information that DELGADO came into contact with or obtained during any period of employment, was governed by strict regulations and terms of confidentiality as a condition of such employment.
> 3. That these strict regulations and terms of confidentiality continue even after a period of employment has ended.

    4. That DELGADO used intellectual property and company trade secrets in violation of such regulations, terms of confidentiality and Florida Law.

    5. That DELGADO used and reproduced DRIVE's electronic and confidential information in violation of such regulations, terms of confidentiality and Florida Law.

    6. That DELGADO acknowledges that he had at no lime any right to take, disseminate, advertise, or publish DRIVE's intellectual property and company trade secrets in any form whatsoever.

    7. That DELGADO has agreed to remove all of DRIVE's intellectual property and company trade secrets from each and every publication online or otherwise, including recalling any and all disseminated copies.

    8. That DELGADO acknowledges that money damages cannot repair the unknown lost business and untold damages of releasing DRIVE's intellectual property and confidential information.

    9. That DELGADO acknowledges and hereby agrees that he will not publish, utilize, reveal, or market (or assist any other person or entity in publishing, utilizing, revealing, or marketing) any of DRIVE's intellectual property, company trade secrets or confidential information now or at any point in the future.

    10. That DELGADO acknowledges receipt of the letter dated August 25th, 2020, titled FORMAL NOTICE – CEASE AND DESIST.

50. Defendant DDL did not provide copies of any alleged agreements between Defendant DDL and Plaintiff.

51. DOUGLAS COX declined to offer continued employment to Plaintiff as consideration for signing any agreement or document.

52. None of the 3-D renderings in question were marked as "confidential."

53. Most of 3-D renderings were publicly exhibited on Corporate Defendant DDL's website and/or printed marketing materials.

54. Defendants do not offer free-standing 3-D rendering services to clients.

55. The Uniform Trade Secrets Acts Adopted as Florida Statutes §§688.001- 688.002 ("UTSA") defines "trade secrets" as:

> information, including a formula, pattern, compilation, program, device, method, technique, or process that:
> - Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means

- by, other persons who can obtain economic value from its disclosure or use; and
- Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

56. Most of the 3-D renderings were publicly available, used as marketing materials.

57. Defendants took no efforts to maintain these 3-D renderings as "secret."

58. Defendants retaliated against Plaintiff for complaining of illegal pay and employment practices and interfered with his ability to earn money performing non-competitive technical and creative services.

59. Defendants only took action to threaten to sue Plaintiff after he complained of unpaid wages and unlawful employment practices.

60. The conditions of work, being under the threat of lawsuit, required to work without appropriate employee safety protections, and the Defendants not paying wages, were intolerable.

61. Plaintiff had no choice but to resign his position due to retaliation by Defendants.

62. Defendants constructively discharged Plaintiff.

63. Defendants refused to pay Plaintiff's final paycheck and unpaid wages from prior weeks and/or months.

64. Plaintiff JUAN DELGADO intends to recover unpaid wages, liquidated damages, retaliatory damages, and any other relief as allowable by law.

65. Additional persons who may become Plaintiffs in this action are employees and/or former employees of Corporate Defendants who are and who were subject to the same unlawful payroll practices and procedures of Corporate Defendants and were not paid minimum wages and/or who have been retaliated against as a result of complaints.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATIONS;**
**FAILURE TO PAY WAGES, AGAINST ALL DEFENDANTS**

66. Plaintiff JUAN DELGADO re-adopts each and every factual allegation as stated in paragraphs 1-65 above as if set out in full herein.

67. Corporate Defendants were engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Corporate Defendants are real estate development and construction companies, individually and combined with more than two (2) employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordered equipment and supplies produced or originated out of state and by using the instrumentalities of interstate commerce, including purchase of construction materials, payments from clients via credit cards, wire transfer, use of long-distance telephone lines and electronic mail. Upon information and belief, annual gross revenue of Corporate Defendants were, individually and collectively, at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Corporate Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

68. Plaintiff and all other similarly-situated individuals were employed by an enterprise engage in interstate commerce and through his daily activities, Plaintiff and all other similarly-situated individuals regularly handled and worked on goods and materials moved across state lines at in the course of business. Therefore, there is individual coverage.

69. Plaintiff and all other similarly-situated individuals were not paid for hours, days, and weeks worked, in violation of the FLSA.

70. Defendants knew and showed reckless disregard of the provisions of the FLSA concerning the payment of wages as required by federal law and remain owing to Plaintiff and,

upon information and belief, all other similarly-situated individuals for these wages, and Plaintiff and all other similarly-situated individuals are entitled to recover double damages.

71. At the times mentioned, DOUGLAS COX was the owner/president and/or manager of Corporate Defendants.

72. DOUGLAS COX was the employer of Plaintiff and all other similarly-situated individuals within the meaning of Section 3(d) of the FLSA, because he acted directly in the interests of Corporate Defendants, in relation to its employees, including Plaintiff and all others similarly-situated.

73. DOUGLAS COX exercised operational control over Corporate Defendants, provided Plaintiff and all other similarly-situated employees with job descriptions, salaries, work assignments, controlled bank accounts and finances, and the location of the performance of work, as examples, and therefore is jointly and personally liable for Plaintiff's damages.

74. NICOLE PEARL was the employer of Plaintiff and all other similarly-situated individuals within the meaning of Section 3(d) of the FLSA, in that this individual Defendant acted directly in the interests of the Corporate Defendants, in relation to its employees, including Plaintiff and all others similarly-situated.

75. NICOLE PEARL exercised operational control of Corporate Defendants and PEARL, provided Plaintiff and all others similarly-situated with human resources policies, paychecks, directing wire transfers, and signed paychecks, as examples, and therefore is jointly and personally liable for Plaintiff's damages.

76. Corporate Defendants, DOUGLAS COX, and NICOLE PEARL willfully and intentionally refused to pay Plaintiff wages as required by the law of the United States and remain owing Plaintiff and, upon information and belief, all other similarly-situated individuals, unpaid wages.

77.     Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all other similarly-situated individuals respectfully request this Honorable Court:

A.      Enter judgment for Plaintiff JUAN DELGADO and all other similarly-situated individuals and against all Defendants based on willful violations of the FLSA; and

B.      Award Plaintiff JUAN DELGADO actual damages in the amount shown to be due for unpaid wages for hours, days, and weeks worked, with interest; and

C.      Award Plaintiff an equal amount in double damages/liquidated damages; and

D.      Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE

78.     Plaintiff JUAN DELGADO re-adopts each and every factual allegation as stated in paragraphs 1-77 of this complaint as if set out in full herein.

79.     29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

80. During his last several weeks of employment, Plaintiff complained about missing paychecks to Defendants.

81. His complaints constitute protected activity under the Fair Labor Standards Act.

82. On August 24, 2020, Plaintiff complained about unpaid wages.

83. The next day, in retaliation for Plaintiff's complaints, Defendants attempted to intimidate Plaintiff into signing documents, threatened to sue, and constructively discharged him.

84. Plaintiff performed his duties satisfactorily at all times, until he was constructively discharged.

85. Defendants had no reason other than a retaliatory action to constructively discharge Plaintiff.

86. There was close proximity between Plaintiff's last protected activity and his termination, in that it occurred the following day.

87. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid wages from the Defendants.

88. Plaintiff would not have been discharged, but for his complaints for unpaid wages.

89. The Defendants' constructive discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

90. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JUAN DELGADO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants that Plaintiff JUAN DELGADO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JUAN DELGADO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JUAN DELGADO demands trial by jury of all issues triable as of right by jury.

## COUNT III:
## FLORIDA STATUORY VIOLATIONS
## PURSUANT TO FMWA FLORIDA STATUTE § 448.110
## UNPAID WAGES

91. Plaintiff JUAN DELGADO re-adopts each and every factual allegation as stated in paragraphs 1-90 of this complaint as if set out in full herein.

92. The FMWA, Florida Statute § 448.110 (3) states, "[E]mployers shall pay employees a minimum wage…. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

93. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an

adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1." As of January 1, 2020, the Florida minimum wage was increased to $8.56/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the FLSA.

94. The FLSA provides that, if a state has a minimum wage that is higher than the Florida minimum wage, then an employee in that state has a Florida right under the FLSA to be paid that state's minimum wage. 29 U.S.C. § 218(a); see also 29 C.F.R. § 541.4; see also C.F.R. § 778.5. Thus, Plaintiff claims the Florida minimum wage for all hours, days, and weeks worked pursuant to the hourly rates listed in the previous paragraph.

95. Plaintiff provided pre-suit notice to Corporate Defendants, DOUGLAS COX, and NICOLE PEARL via email on or about September 30, 2020.

96. Plaintiff provided notice and demands for payment of unpaid wages after his retaliatory constructive discharge from Defendants.

97. Between March 21, 2020 until August 28, 2020, Plaintiff worked full work weeks but was paid $0 for at least four (4) weeks, failing to satisfy applicable Florida Minimum Wage.

98. Defendants willfully and intentionally refused to pay Plaintiff at least minimum wages as required by the FLSA as Defendants knew of the FMWA requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA. Defendants remain owing Plaintiff these wages for the time period specified above.

99. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JUAN DELGADO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA and Florida Statute § 448.110;

B. Enter judgment against Defendants that Plaintiff JUAN DELGADO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in Florida Statute § 448.110;

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JUAN DELGADO further prays for such additional relief as the interests of justice may require.

**JURY DEMAND**

Plaintiff JUAN DELGADO demands trial by jury of all issues triable as of right by jury.

**COUNT IV:**
**FLORIDA STATUORY VIOLATION PURSUANT TO**
**FLORIDA MINIMUM WAGE ACT FLORIDA STATUTE § 448.110**
**RETALIATORY DISCHARGE**

100. Plaintiff JUAN DELGADO re-adopts each and every factual allegation as stated in paragraphs 1-99 of this complaint as if set out in full herein.

101. Florida Statute 448.102 states... it shall be unlawful for any employer to— "take any retaliatory personnel action against an employee because the employee has:…. (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation......."

102. During his last three (3) months of employment, Plaintiff complained many times about the missing paychecks to Defendants.

103. These complaints constituted protected activity under the Fair Labor Standards Act.

104. On or about August 25, 2020, Plaintiff complained the last time about unpaid wages, to DOUGLAS COX. In retaliation to Plaintiff's complaints, Defendants fired attempted to intimidate and scare Plaintiff into signing documents and constructively discharged him.

105. Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to constructively discharge Plaintiff.

106. There was close proximity between Plaintiff's last protected activity, and his termination.

107. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking unpaid wages from the Defendants. In other words, Plaintiff would not have been discharged, but for his complaints for unpaid wages.

108. The Defendants' constructive discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and Florida Statute 448.102, as a direct result, Plaintiff has been damaged.

109. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JUAN DELGADO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act and Florida Statute 448.102;

B. Enter judgment against Defendants that Plaintiff JUAN DELGADO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) and Florida Statute 448.102;

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JUAN DELGADO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JUAN DELGADO demands trial by jury of all issues triable as of right by jury.

WHEREFORE, Plaintiff JUAN DELGADO respectfully prays this Court enter a judgment against Defendants for all relief sought within this Verified Complaint and for such further relief the Court deems just and proper.

Date: October 16, 2020          Respectfully submitted,

*/s/ Tara E. Faenza*
Tara E. Faenza
Fla. Bar No. 106928
Navarro McKown
66 West Flagler Street, Sixth Floor
Miami, FL 33130
Tel: (305) 424-2620
Email: tara@nbmesq.com, civil@nbmesq.com
*Attorneys for Plaintiff, Juan Delgado*

## VERIFICATION

JUAN DELGADO, being duly sworn, deposes and says: I am the Plaintiff in the above-entitled action. I affirmatively state:

I have read the foregoing Complaint and know the contents thereof.

I have actual personal knowledge to believe that all statements within this Complaint are truthful, except as to matters therein stated to be alleged on information and belief. Such information and belief is based upon information and/or documents and I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous.

I declare under penalty of perjury that the foregoing factual allegations are true and correct.

_____
Juan A. Delgado

STATE OF FLORIDA
COUNTY OF __MIAMI DADE__

The foregoing instrument was acknowledged before me this __16th__ day of __October__ 2020, by Juan Delgado.

(Seal) 

_____
Signature of Notary Public
Print, Type/Stamp Name of Notary

Notary Public State of Florida
Wendy Sardina
My Commission GG 924170
Expires 10/20/2023

Personally known:_____
OR Produced Identification: __FL. DL.__
Type of Identification Produced:_____